IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH STEVENS,

    Plaintiff,

v.

COUNTY OF SAN MATEO, et al.,

    Defendants.

                                              /

No. C 04-02762 SI

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

Now before the Court is defendant County of San Mateo's motion to compel discovery concerning the medical/mental health condition of plaintiff's daughter.[1] Having carefully considered the papers submitted, the Court hereby DENIES the motion to compel.

In general, a party may obtain discovery regarding any matter, not privileged, that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Defendant claims that it needs the requested information to establish that it did not violate plaintiff's rights under the Family and Medical Leave Act ("FMLA"). Plaintiff claims that the information is irrelevant because he complied with the statute.

FMLA provides employees with the right to take leave to care for a family member when the family member suffers a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). When an employee requests this type of leave, an employer can require the employee to submit a certification from the family member's medical provider, setting out the basis for the leave and whether the condition meets the statutory requirements. 29 U.S.C. § 2613(a), (b). Employers doubting the veracity of a certification may pursue a second opinion. 29

---

[1] The parties submitted the matter before the Court by letter briefs dated 8/12/05 (Docket #38), 8/28/05 (Dockets #39), and 9/16/05 (Docket #41).

U.S.C. § 2613(c), (d). When the second opinion conflicts with the first, employers can seek a third medical opinion, which is final and binding. 29 U.S.C. § 2613(d)(1), (2).

Courts are split on whether an employer that does not seek a second opinion can litigate the validity of an initial certification that establishes a serious health condition. *Compare Sims v. Alameda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253, 1263 (N.D. Cal. 1998) (holding that a valid certification shall be binding where employer did not seek a subsequent medical opinion within a reasonable time period), and *Miller v. AT & T*, 60 F. Supp. 2d 574, 580 (S.D. W.Va. 1999) (same), *with Rhoads v. F.D.I.C.*, 257 F.3d 373, 385-386 (4th Cir. 2001) (holding that the provision for subsequent medical opinions is merely permissive and creates no prerequisite to challenging an initial certification), *and Stekloff v. St. John's Mercy Health Sys.* 218 F.3d 858, 860 (8th Cir. 2000) (same); s*ee also Marchisheck v. San Mateo County*, 199 F.3d 1068, 1077 (9th Cir. 1999) (declining to reach issue because initial certification was improper).

The Court finds the former approach more convincing. FMLA was created, in part, to guard privacy interests and "to allow doctors rather than courts to determine the medical condition of an employee." *Sims,* 2 F. Supp. 2d at 1261. Repudiating the *Sims* approach would allow employers to deny FMLA leave without availing themselves of the statutory solutions and to then later contest the certification. This would force employees into seeking litigation, burdening privacy interests as well as immediate access to reasonable leave, thereby subverting the purpose of the statute. *See* 29 U.S.C. § 2601(b)(2); *Sims,* 2 F. Supp. 2d at 1261 (summarizing legislative history). To allow employers to challenge a valid certification at litigation would "upset the balance [within the provisions of FMLA ] between the eligible employee's right to swift and expeditious coverage and the employer's right to ensure that the requested leave is needed." Id.

The Court finds the statutory system outlined above to be the sole mechanism for an employer to challenge a certification from an employee's medical provider. Whether plaintiff's daughter actually suffered from a "serious health condition" is therefore not relevant to plaintiff's ability to prove a violation of FMLA.

Plaintiff also alleges, however, harm to both himself and his daughter stemming from defendant's denial of leave. For example, plaintiff claims that the denial of leave prevented him from providing care to his daughter, which, coupled with his daughter's deteriorating condition, caused him emotional distress. Through these allegations, plaintiff has put his daughter's medical condition at issue. Should plaintiff wish to introduce

evidence in support of these allegations at trial, he must respond to defendant's discovery; the Court will not allow plaintiff to introduce such evidence if he continues to withhold it.

For the above reasons, the Court DENIES defendant's motion to compel.

**IT IS SO ORDERED.**

Dated: 9/19/05

_____
SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEITH STEVENS,

        Plaintiff,

  v.

COUNTY OF SAN MATEO, et al.,

        Defendants.

                                        /

No. C 04-02762 SI

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL**

      Now before the Court is defendant County of San Mateo's motion to compel discovery concerning the medical/mental health condition of plaintiff's daughter.[1] Having carefully considered the papers submitted, the Court hereby DENIES the motion to compel.

      In general, a party may obtain discovery regarding any matter, not privileged, that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Defendant claims that it needs the requested information to establish that it did not violate plaintiff's rights under the Family and Medical Leave Act ("FMLA"). Plaintiff claims that the information is irrelevant because he complied with the statute.

      FMLA provides employees with the right to take leave to care for a family member when the family member suffers a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). When an employee requests this type of leave, an employer can require the employee to submit a certification from the family member's medical provider, setting out the basis for the leave and whether the condition meets the statutory requirements. 29 U.S.C. § 2613(a), (b). Employers doubting the veracity of a certification may pursue a second opinion. 29

---

[1] The parties submitted the matter before the Court by letter briefs dated 8/12/05 (Docket #38), 8/28/05 (Dockets #39), and 9/16/05 (Docket #41).

U.S.C. § 2613(c), (d). When the second opinion conflicts with the first, employers can seek a third medical opinion, which is final and binding. 29 U.S.C. § 2613(d)(1), (2).

Courts are split on whether an employer that does not seek a second opinion can litigate the validity of an initial certification that establishes a serious health condition. *Compare Sims v. Alameda-Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253, 1263 (N.D. Cal. 1998) (holding that a valid certification shall be binding where employer did not seek a subsequent medical opinion within a reasonable time period), and *Miller v. AT & T*, 60 F. Supp. 2d 574, 580 (S.D. W.Va. 1999) (same), *with Rhoads v. F.D.I.C.*, 257 F.3d 373, 385-386 (4th Cir. 2001) (holding that the provision for subsequent medical opinions is merely permissive and creates no prerequisite to challenging an initial certification), *and Stekloff v. St. John's Mercy Health Sys.* 218 F.3d 858, 860 (8th Cir. 2000) (same); s*ee also Marchisheck v. San Mateo County*, 199 F.3d 1068, 1077 (9th Cir. 1999) (declining to reach issue because initial certification was improper).

The Court finds the former approach more convincing. FMLA was created, in part, to guard privacy interests and "to allow doctors rather than courts to determine the medical condition of an employee." *Sims,* 2 F. Supp. 2d at 1261. Repudiating the *Sims* approach would allow employers to deny FMLA leave without availing themselves of the statutory solutions and to then later contest the certification. This would force employees into seeking litigation, burdening privacy interests as well as immediate access to reasonable leave, thereby subverting the purpose of the statute. *See* 29 U.S.C. § 2601(b)(2); *Sims,* 2 F. Supp. 2d at 1261 (summarizing legislative history). To allow employers to challenge a valid certification at litigation would "upset the balance [within the provisions of FMLA ] between the eligible employee's right to swift and expeditious coverage and the employer's right to ensure that the requested leave is needed." Id.

The Court finds the statutory system outlined above to be the sole mechanism for an employer to challenge a certification from an employee's medical provider. Whether plaintiff's daughter actually suffered from a "serious health condition" is therefore not relevant to plaintiff's ability to prove a violation of FMLA.

Plaintiff also alleges, however, harm to both himself and his daughter stemming from defendant's denial of leave. For example, plaintiff claims that the denial of leave prevented him from providing care to his daughter, which, coupled with his daughter's deteriorating condition, caused him emotional distress. Through these allegations, plaintiff has put his daughter's medical condition at issue. Should plaintiff wish to introduce

evidence in support of these allegations at trial, he must respond to defendant's discovery; the Court will not allow plaintiff to introduce such evidence if he continues to withhold it.

For the above reasons, the Court DENIES defendant's motion to compel.

**IT IS SO ORDERED.**

Dated: 9/19/05

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

3