THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
DAVID A. SILBERMAN, Deputy (SBN 211708)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4749
Fax: (650) 363-4034

Attorneys for Defendants
COUNTY OF SAN MATEO, et al.

**DENIED**
Judge Susan Illston

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH STEVENS,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. C 04-2762 SI<br><br>**MOTION FOR LIMITED EXTENSION OF TIME FOR THE COUNTY OF SAN MATEO TO CONDUCT SPECIFIC DEPOSITIONS; DECLARATION IN SUPPORT; [PROPOSED] ORDER**<br>(Local Rule 6-3) |

### INTRODUCTION

At the parties October 17, 2005 Case Management Conference, the Court indicated its preference that a deposition of Marlys Stevens, Plaintiff Keith Stevens' adult daughter, be taken only if necessary. It further requested that the County notify it before noticing her deposition. In order to make possible the delay of (and to possibly avoid) the taking of Marlys Stevens' deposition, the County hereby moves under Local Rule 6-3 for a limited enlargement of the fact discovery cut-off. Specifically, the County requests that it be given five weeks from the date that the Court releases Marly's medical and mental health records to conduct the deposition of Marlys' doctor and an additional five weeks to conduct the depositions (if necessary) of Marlys and her mother. Alternatively, the County hereby notifies the Court of its intent to take Marlys Stevens' deposition in late January.

### DISCUSSION

At Mr. Stevens' May 2005 deposition, Mr. Stevens refused to answer any questions asked about

Case No. C 04-2762 SI
MOTION FOR LIMITED EXTENSION OF TIME FOR THE COUNTY OF SAN MATEO TO CONDUCT
SPECIFIC DEPOSITIONS; DECLARATION IN SUPPORT; [PROPOSED] ORDER

Marlys' medical or mental health condition despite the fact that he specifically testified that it was his alleged inability to care for those needs that led him to experience severe emotional distress. Declaration of David A. Silberman in Support of the County's Motion for a Limited Extension of Time ("Silberman Decl.") ¶ 2. In an August 15, 2005 letter brief the County moved to compel Mr. Stevens to answer all questions related to her condition (other than those calling for privileged information). On September 19, 2005, the Court denied the County's motion, but explained that "[s]hould Plaintiff wish to introduce evidence in support of these allegations at trial, he must respond to defendant's discovery." In response to the Court's Order, Mr. Stevens signaled his intent to attempt to offer testimony at trial regarding his daughter's mental health condition by testifying at his September 26, 2005 deposition about that condition. *Id.* ¶ 3.

In response, the County immediately subpoena-ed Marlys' medical and mental health records with a production date of October 11, 2005. Silberman Decl. ¶ 4. The County explained its basis for seeking these documents in the parties' October 17, 2005 Joint Case Management Conference Statement. On October 6, 2005, Plaintiff filed a letter Motion to Quash that subpoena. The County opposed that Motion via an October 12, 2005 letter brief. In that brief the County again explained why it needed the records and to take discovery from Marlys Stevens and her doctor.

On October 17, 2005, the Court denied Plaintiff's Motion and signed an Order on October 18, 2005, requiring that Marlys Stevens' medical and mental health records be delivered to the Court by November 1, 2005. During the parties' case management conference that same day, the County explained that it might not need to take the deposition of Marlys Stevens if it was able to obtain sufficient evidence from the medical records and Marlys Stevens' doctor. Silberman Decl. ¶ 5. The Court asked the County to inform it before the County noticed the deposition of Marlys Stevens. *Id.* This request was not memorialized by the Court. *Id.*

On November 1, 2005, the records were delivered per the Court's Order. Silberman Decl. ¶6.

On November 4, 2005 the Court issued an Order to Show Cause, asking the parties to brief the issue of the availability of emotional distress damages on Plaintiff's Leave Act claims. The Plaintiff submitted letter briefs on November 11, 2005 and November 18, 2005. The County submitted a letter brief on November 14, 2005. In that brief, the County again provided its rationale for seeking Marlys

Stevens' medical and mental health-related information (regardless of the resolution of the Order to Show Cause). The Court's Order to Show Cause is under submission and the Court has not yet released the medical and mental health records.

The County is still hopeful that a review of Marlys Stevens' medical records and a deposition of Marlys Stevens' doctor, Dr. Bromberg, might obviate the need for a deposition of Ms. Stevens and Ms. Stevens' mother Patsey Amey.[1] Silberman Decl. ¶ 7. The County must have the medical and mental health records to prepare for the doctor's deposition.

The fact-discovery cut-off is approaching quickly (February 10, 2006). But, the County does not need Marlys Stevens' medical records, the depositions of Marlys Stevens, her mother or her doctor to support its motion for summary judgment. Silberman Decl. ¶ 8. Accordingly, the County would not object to the Court retaining the documents pending resolution of the County's motion. *Id.*

However, absent a modification in the current fact-discovery cut-off, the County must notice Marlys' deposition for late January 2006. To avoid this result, the County attempted to obtain a stipulation from Plaintiff allowing the County five weeks from the date the Court releases Marlys' records to conduct the deposition of Dr. Bromberg. Silberman Decl. Ex. A. The stipulation also provided the County with two weeks from the date that it deposes Dr. Bromberg to make the decision whether it will seek to depose Marlys Stevens and Patsey Amey and five weeks to conduct the depositions. *Id.* The stipulation specifically provided that, otherwise, the fact discovery cut-off will remain February 10, 2006.[2] *Id.* The Plaintiff refused to sign the stipulation and declined the County's offer to meet and confer on the issue. Id. ¶ 9.

As required by Local Rule 6-3, the County notes that, at the parties' October 17, 2005 Case Management Conference, the Court extended all deadlines in this Action approximately one-to-two months. The current fact-discovery cut-off is February 10, 2005. This extension was granted at

---

[1] Generally, the County would depose Patsey Amey on the same topics, on which it would depose Marlys Stevens. Both women are living together in Canton, Ohio. Silberman Decl. ¶ 7.

[2] All other dates would also remain unchanged. But the stipulation recognized the possibility that based upon the timing of the depositions, a minor modification of the expert discovery cut-offs might become necessary.

Case No. C 04-2762 SI 3
MOTION FOR LIMITED EXTENSION OF TIME FOR THE COUNTY OF SAN MATEO TO CONDUCT
SPECIFIC DEPOSITIONS; DECLARATION IN SUPPORT; [PROPOSED] ORDER

Plaintiff's request as Plaintiff needed additional time to conduct discovery. Silberman Decl. ¶ 10. The County did not oppose the request. *Id.* To date, these changes were the only time modifications in the case. *Id.* The County's requested time modification will not otherwise effect the case schedule. The only harm that will be caused by denial of this request is potential harm, if any, that a deposition might cause Marlys. While the County has no evidence in its possession that would support a claim of harm, Plaintiff has asserted that a deposition would be harmful. *Id.* ¶ 11.

Dated: December 16, 2005      THOMAS F. CASEY III, COUNTY COUNSEL

By:    /s/
    David A. Silberman, Deputy

Attorneys for Defendants
COUNTY OF SAN MATEO, et al.

## DECLARATION

I, DAVID A. SILBERMAN, declare as follows:

1. I am a Deputy County Counsel for the County of San Mateo. The following is within my personal knowledge, and if called as a witness, I could and would testify competently hereto.

2. I took Keith Stevens' Deposition in May 2005. In that deposition, Mr. Stevens refused to answer any questions asked about Marlys' medical or mental health condition despite the fact that he specifically testified that it was his alleged inability to care for those needs that led him to experience severe emotional distress.

3. I took Keith Stevens Deposition on September 26, 2005. In that deposition, Mr. Stevens testified about Marlys Stevens' mental health condition.

4. I subpoena-ed Marlys' medical and mental health records from Kaiser with a production date of October 11, 2005.

5. I was present at the parties' October 17, 2005 Case Management Conference. During that conference, I explained that the County might not need to take the deposition of Marlys Stevens if it is able to obtain sufficient evidence from the medical records and Marlys Stevens' doctor. The Court asked me to inform it before the County noticed the deposition of Marlys Stevens. This request was not memorialized by the Court in its subsequent case management Order.

Case No. C 04-2762 SI      4
MOTION FOR LIMITED EXTENSION OF TIME FOR THE COUNTY OF SAN MATEO TO CONDUCT
SPECIFIC DEPOSITIONS; DECLARATION IN SUPPORT; [PROPOSED] ORDER

6. I understand, based on a conversation with counsel for Kaiser, that on November 1, 2005 Marlys Stevens' medical and mental health records were delivered per the Court's Order.

7. I am hopeful that a review of Marlys Stevens' medical records and a deposition of Marlys Stevens' doctor *may* obviate the need for a deposition of Ms. Stevens and Ms. Stevens' mother, Patsey Amey. I group Patsey Amey and Marlys Stevens together because I intend to depose Patsey Amey on the same basic topics, on which I would depose Marlys Stevens. In addition, I understand from Plaintiff's response to County interrogatories that both women are living together in Canton, Ohio. It would prejudice the County and waste public resources to take separate trips to Canton, Ohio for these depositions.

8. As the lead counsel for the County, it is my conclusion that the County does not need Marlys Stevens' medical records, the depositions of Marlys Stevens, her mother or her doctor to support its motion for summary judgment. All of this evidence (which the County will seek to exclude in any event) will be admissible (if at all) on the issue of damages. Accordingly, the County would not object to the Court retaining the documents pending resolution of the County's motion for summary judgment.

9. I called to speak with counsel for Plaintiff about a stipulation on Tuesday of this week. When my call was not returned, I drafted a stipulation consistent with the Order sought by this Motion and circulated it to counsel for Plaintiff. I have attached a true and correct copy of that draft stipulation to this declaration as Exhibit A. Counsel for Plaintiff refused to sign the stipulation, asserting that it was "overbroad", and declined (by failing to respond to my correspondence) the County's offer to meet and confer on the issue.

10. At the October 17, 2005 Case Management Conference, Plaintiff asked for an extension of the discovery cut-off because he wanted additional time to conduct discovery. While the County did not believe an extension was warranted, it did not oppose Plaintiff's request. The Court ultimately enlarged all time periods by one-to-two months. To date, these changes are the only time modifications in the case.

11. Plaintiff has asserted, without any detail or evidentiary support, that Marlys Stevens would be emotionally damaged by a deposition.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

1 | true and correct. Executed this 16th day of December 2005, at Redwood City, California.

<pre>
                              _____/s/_____
                                   DAVID A. SILBERMAN
</pre>

## [Proposed] ORDER

Good cause having been established, the Court ORDERS as follows:

1. With the exceptions provided below, the fact discovery cut-off will remain February 10, 2005.

2. The County make take up to five weeks from the date that the Court releases Marlys Stevens' medical and mental health records, which were lodged with the Court on November 1, 2005, to conduct the deposition of Marlys Stevens' doctor, Dr. Bromberg.

3. The County shall be given two weeks from the date of Dr. Bromberg's deposition to make a decision whether to depose Marlys Stevens and/or Patsey Amey and five weeks to conduct those depositions.

4. If it becomes necessary, the Court will consider a reasonable extension of the expert discovery period. The parties will meet and confer in good faith in an attempt to draft an appropriate stipulation.

IT IS SO ORDERED.

Dated: _____, 2005

_____
SUSAN ILLSTON, JUDGE
UNITED STATES DISTRICT COURT

L:\LITIGATE\S_CASES\Stevens\Pleadings\Motion & Order re Discovery.doc